UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHERYL ADAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-1246** |
| **ARCHER DANIELS MIDLAND, INC.** | **SECTION: "H"(5)** |

ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss or Alternatively Motion for Summary Judgment (Doc. 24).[1]  For the following reasons, the Motion is **GRANTED IN PART**.  Plaintiff's state law claims under the LEDL are **DISMISSED WITH PREJUDICE**.

BACKGROUND

This employment discrimination suit was removed from the 29th JDC for the Parish of St. Charles.  In her state court petition, Plaintiff alleges that

---

[1] Due to the limited discovery that has occurred in this case, the Court declines to consider this Motion as a Motion for Summary Judgment under Rule 56.

1

she was terminated from her employment with Defendant because of age discrimination and retaliatory discharge arising out of a May 9, 2014 incident at Archer Daniels Midland ("ADM").  Plaintiff worked at ADM as a contract employee through Advantage Staffing.  While on the job, foreman Phil Burbrink directed her to "clean a bin."  Shortly after, two other employees appeared to clean the same bin also on orders from Burbrink.  A dispute ensued between Plaintiff and Burbrink regarding back talking in front of the other employees.  Burbrink accused Plaintiff of "pouting and throwing temper tantrums."  Plaintiff responded by explaining that she is "a 54 year old woman who works hard and carries herself with respect."  To this, Burbrink allegedly retorted "Well, you are old."  He promptly apologized for the comment and walked away.

After this altercation, Plaintiff reported the incident to the night supervisor.  The supervisor spoke to Burbrink and returned a few moments later and indicated that he apologized.  The following week, Plaintiff received a call from Advantage Staffing stating that she could not return to work until she made a written complaint of the incident.  She states that upon filing the report as required, she was terminated.  Plaintiff's original petition brought claims for disparate treatment and retaliatory discharge under both the federal Age Discrimination in Employment Act ("AEDA") and the Louisiana Employment Discrimination Law ("LEDL").

The Court dismissed Plaintiff's original petition on December 1, 2015, for failure to state a claim but granted leave to amend.  Plaintiff filed her First

2

Amended Complaint on December 22, 2015, adding new allegations concerning Defendant's control over her employment, allegations that she was replaced on the job by a younger male employee, and allegations of a sex discrimination claim. Defendant responded with its second Motion to Dismiss, alleging that Plaintiff's Amended Complaint likewise fails to state a claim.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The Court need not, however, accept as true legal conclusions couched as factual allegations.[5]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[7] Rather, the complaint must contain enough factual

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[3] *Id.*
[4] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal*, 556 U.S. at 667.
[6] *Id.*
[7] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[8]

## LAW AND ANALYSIS

Plaintiff's Amended Complaint asserts causes of action for age discrimination, retaliatory discharge, and sex discrimination under both the federal Age Discrimination in Employment Act and the Louisiana Employment Discrimination Law. Defendant filed the instant Motion asserting that dismissal is warranted on several grounds. First, Defendant alleges that the complaint insufficiently alleges that it is an employer for the purposes of both the ADEA and the LEDL. Second, Defendant argues that even if Plaintiff has sufficiently alleged an employer–employee relationship, she has failed to plead a prima facie case of either age discrimination or retaliatory discharge. Finally, Defendant avers that Plaintiff's sex discrimination claim should be dismissed as premature because it was not contained in her EEOC charge. The Court will address these arguments in turn.

### I. Employer–Employee Relationship

The test for an employer–employee relationship differs under state and federal law. Accordingly, the Court will consider them separately.

#### A. Louisiana Law

Defendant argues that Plaintiff has failed to set forth facts that indicate an employer–employee relationship as required to impose liability under the

---

[8] *Lormand*, 565 F.3d at 255–57.

LEDL. Under the LEDL, an individual is an employer if he is "receiving services from an employee and, in return, giving compensation of any kind to an employee."[9] The Louisiana Supreme Court has indicated that factors to consider in making this determination include "who paid the employee's wages; who withheld federal, state, unemployment, or social security taxes; whether the employee's name appeared on the employer's payroll; and whether the employee participated in the employer's benefit plans."[10] "Although the test in Louisiana to determine if an employer-employee relationship exists relates to "right of control," the legislature gave "employer" a specific definition which controls in an action for intentional discrimination in employment."[11] This definition is narrower than that contained in Title VII.[12]

Plaintiff's Amended Complaint alleges that "[a]n employer/employee relationship was established under the LEDL between Defendant and Plaintiff as a result of Defendant exercising control over plaintiff by giving her specific work assignments in toolbox meetings, instructing her as to how to perform the job, checking her work for completion and recording her hours of work." These allegations go to the right of control, however, and are insufficient to plead and employer-employee relationship under the LEDL. The Amended Complaint fails to allege that ADM paid her wages. Indeed, it is apparent from

---

[9] La. Rev. Stat. 23:302(2).
[10] *Dejoie v. Medley*, 9 So. 3d 826, 830 (La. 2009).
[11] *Duplessis v. Warren Petroleum, Inc.*, 672 So. 2d 1019, 1023 (La. Ct. App. 4 Cir. 1996).
[12] *Imbornone v. Tchefuncta Urgent Care, Inc.,* No. CIV.A. 11-3195, 2012 WL 3440136, at *5 (E.D. La. Aug. 15, 2012)

the Complaint that Plaintiff performed contract labor for Defendant through Advantage Staffing. Though allegations of "control" may be sufficient to establish an employer–employee relationship under federal law, they fail to meet the more stringent definition of "employer" embodied in the LEDL. Accordingly, Plaintiff's claims under the LEDL are dismissed.

### B. Federal Law

Defendant next argues that Plaintiff's claims under the ADEA should be dismissed because Plaintiff's Complaint fails to establish an employer-employee relationship under federal law. Under Title VII and the ADEA, the Court must engage in a two-step process to determine whether a defendant is an employer.[13] First, the Court must determine whether a defendant meets the statutory definition of an "employer," defined as "a person engaged in an industry affecting commerce who has fifteen or more employee . . . and any agent of such a person . . . ."[14] If this definition is met, the court must determine whether an employment relationship exists between the plaintiff and the defendant. In making this determination, the court must apply the following test:

> To determine whether an employment relationship exists …, "we apply a 'hybrid economic realities/common law control test.'" The most important component of this test is "[t]he right to control [the] employee's conduct." "When examining the control component, we have focused on whether the alleged employer has the right" to hire, fire, supervise, and set the work schedule of the

---

[13] *Muhammad v. Dallas Cnty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007).

[14] *Id.* (citing 42 U.S.C. § 2000e(b)).

6

employee . . . .  The economic realities component of the test focuses on "whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment."[15]

Defendant does not appear to genuinely dispute that it meets the statutory definition of an employer under the ADEA.  Accordingly, the Court will proceed directly to an analysis of whether Plaintiff has alleged sufficient facts to establish an employer-employee relationship under the hybrid economic realities/common law control test.  Plaintiff's Amended Complaint makes new allegations regarding "control" of her employment.  She avers that Defendant exercised control over Plaintiff by supervising her, recording her hours, and giving her work assignments.  Though the Amended Complaint is still devoid of allegations concerning who paid her salary, withheld taxes, provided benefits, and the like, the Court finds that she has set forth sufficient allegations of control to survive a 12(b)(6) motion to dismiss her federal claims.  Despite the paucity of direct allegations, construing the petition in the light most favorable to Plaintiff, it is possible that she will be able to prove sufficient control on the part of ADM such that an employment relationship might exist.

## II.  Plaintiff's Age Discrimination Claims under the ADEA

Defendant contends that even if Plaintiff has sufficiently plead an employer-employee relationship, dismissal of Plaintiffs age discrimination claims is warranted because Plaintiff has failed to plead facts sufficient to set

---

[15] *Id.* (internal citations omitted) (summarizing the test set forth in *Deal v. State Farm Cnt. Mut. Ins. Co.,* 5 F.3d 117 (5th Cir. 1993)).

forth a prima facie claim of age discrimination or retaliation. The burden-shifting structure set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1972), is applicable to both disparate treatment and unlawful retaliation claims.[16] Where a plaintiff offers circumstantial evidence, the *McDonnell Douglas* framework requires the plaintiff to establish a prima facie case of discrimination.[17] Once the plaintiff makes a prima facie showing, "the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action."[18]

This Court is mindful that the prima facie case is an evidentiary standard, not a rigid pleading requirement.[19] Thus, for purposes of surviving a Rule 12(b)(6) motion to dismiss, the Supreme Court has held that "'an employment discrimination plaintiff need not plead a prima facie case of discrimination.'"[20] Nonetheless, this Court "may consider the *McDonnell Douglas* framework in assessing the sufficiency of a complaint, as 'no plaintiff is exempt from the obligation to allege facts sufficient to state all the elements of her claim.'"[21]

---

[16] *See, e.g.*, *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996); *McMillan v. Rust Coll., Inc.*, 710 F.2d 1112, 1116 (5th Cir. 1983); *Puente v. Ridge*, 324 F. App'x 423, 427–28 (5th Cir. 2009).

[17] *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001).

[18] *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

[19] *Moore v. Metro. Human Serv. Dist.*, No. 09–6470, 2010 WL 1462224, at *3 (E.D. La. Apr. 8, 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).

[20] *Puente*, 324 F. App'x at 427 (quoting *Swierkiewicz*, 534 U.S. at 511).

[21] *Monson v. Jazz Casino Co., LLC*, No. 11–2716, 2012 WL 3138047, at *2 (E.D. La. Aug. 1, 2012) (citing *Puente*, 324 F. App'x at 248) (quoting *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 370 (5th Cir. 2008) (per curiam)).

To set forth a prima facie case of disparate treatment based on age, a plaintiff must allege that she is (1) a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside the protected group or was treated less favorably that other similarly situated employees outside of the protected group.[22] With regard to Plaintiff's claims for age discrimination, an examination of the Amended Complaint reveals that Plaintiff has pled facts to support all four elements of a prima facie case. First, she alleges that she was a member of the protected group as an individual over the age of 40. Second, she alleges that she was qualified for the position from which she was terminated, as she was recently promoted to that position. Third, she alleges the adverse employment action of termination. Finally, she alleges that she was replaced by a younger male employee. Accordingly, Plaintiff has plead facts that, if accepted as true, establish a prima facie case of age discrimination.

Plaintiff has likewise set forth a prima facie case of retaliatory discharge. To establish a prima facie case of retaliation, a plaintiff must show that (1) she participated in activity protected by Title VII or the ADEA; (2) the employer took an adverse employment action against her, and (3) a causal connection exists between the protected activity and the adverse employment action.[23] Under the ADEA, protected activity includes opposing any practice made

---

[22] *Id.*
[23] *Id.*

unlawful under the ADEA or participating in any investigation, proceeding, or litigation under the ADED.²⁴ "For purposes of a prima facie case, the timing of the adverse decision and its proximity to protected activity can establish an inference of causal connection."²⁵ Plaintiff has satisfied each element of her prima facie case. First, Plaintiff has plead that she participated in protected activity by filing an age discrimination complaint with her employer. Second, she alleges that she was terminated as a result of this activity. Third, she avers that she was fired shortly after making the complaint, which is sufficient to support an inference of causal connection for purposes of establishing a prima facie case.

At a later stage of this litigation Defendant may indeed come forward with a legitimate reason for Plaintiff's discharge, at which time she would "bear the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose."²⁶ At this stage, however, the Court must accept all allegations of the complaint as true. Plaintiff's age discrimination and retaliatory discharge claims under the ADEA are therefore maintained.

### III. Plaintiff's Sex Discrimination Claims

Plaintiff conceded at oral argument that her claim of sex discrimination is not properly before the Court because it was not included in her EEOC charge. Accordingly, this claim is dismissed.

---

[24] 29 U.S.C. § 623(d).
[25] *James v. Fiesta Food Mart, Inc.,* 393 F. App'x 220, 224 (5th Cir. 2010).
[26] *McCoy*, 492 F.3d at 556.

## CONCLUSION

For the forgoing reasons, Defendant's Motion to Dismiss is GRANTED IN PART. Plaintiff's state law claims under the LEDL are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 1st day of April, 2016.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**